**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ross James Fischer, | No. CV-23-02664-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Ross James Fischer applied for and was denied disability insurance benefits by the Commissioner of the Social Security Administration ("Administration"), via a written decision issued by an Administrative Law Judge ("ALJ"). The ALJ found that Plaintiff's severe impairments included panic disorder, anxiety, depression, and post-traumatic stress disorder; that, despite these impairments, he retained the residual functional capacity to perform a full range of work at all exertional levels, but with limitations to simple, routine tasks and only occasional interaction with supervisors, coworkers, and the public; and that, although Plaintiff could no longer perform his past relevant work as a chemist, lab director, teacher, and medical technician, he was not disabled because he could perform other jobs, such as bagging salvager, laundry worker, and janitor. (AR 21-37.)

Plaintiff sought judicial review of that decision (Doc. 1), and his case was referred to Magistrate Judge Eileen S. Willett (Doc. 10), who issued a Report and Recommendation

("R&R") recommending that the Administration's decision be reversed and remanded for further proceedings (Doc. 23). Magistrate Judge Willett found that the ALJ improperly discounted the opinion of Plaintiff's treating mental health provider, Richard Wade, D.N.P., P.M.H.N.P.-B.C., because "the ALJ did not discuss the supportability or consistency of DNP Wade's opinion with respect to Plaintiff's mental impairments, instead focusing solely on Plaintiff's physical conditions." (*Id.* at 8-9.) Magistrate Judge Willett also found that the ALJ failed to provide specific, clear, and convincing reasons for discounting Plaintiff's symptom testimony. (*Id.* at 10-11.) On the issue of remedy, Magistrate Judge Willett found that further proceedings would serve a useful purpose because the administrative record, taken as a whole, contained inconsistencies and ambiguities about whether Plaintiff's mental impairments rendered him incapable of sustaining gainful employment. (*Id.* at 11-12.)

Magistrate Judge Willett advised the parties that they had fourteen days in which to file specific written objections to the R&R with the Court. (*Id.* at 13.) The Administration did not object to Magistrate Judge Willett's R&R. Plaintiff, while agreeing with Magistrate Judge Willett's recommendation that the Administration's decision be reversed, objected to the recommended remedy. Plaintiff asks the Court to remand the case for an immediate award of benefits, rather than for further administrative proceedings. (Doc. 24.)

Plaintiff's objection to the R&R is overruled. When faced with an erroneous agency decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation[.]" *Treichler v. Commr of Soc., Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)). Remand for an award of benefits is appropriate only in exceptional circumstances where further administrative proceedings would serve no useful purpose, and the record has been fully developed. *Id.*; *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012). "If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded. Where, however, a rehearing would simply delay receipt of benefits, reversal [for an award of benefits] is appropriate."

*Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981).

The Ninth Circuit has developed the "credit-as-true" rule as a procedure for determining whether exceptional circumstances justifying a remand for benefits exist. *See Treichler*, 775 F.3d at 1100-01. The first step asks whether the "ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). If the ALJ has erred, the Court determines whether the record has been fully developed, whether there are outstanding issues to be resolved before a disability determination can be made, and whether further administrative proceedings would be useful. *Treichler*¸ 775 F.3d at 1101; *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004); *Varney v. Sec'y of Health & Hum. Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988). If the Court concludes there are no outstanding issues and further proceedings would not be useful, it may credit the testimony as true and determine whether the record leaves any uncertainty as to the outcome of the proceeding. *See NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n.6 (1969). Only when these elements are met may the Court exercise its discretion to remand for a calculation of benefits. *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989). But even if all these elements are satisfied, the Court is not required to remand for an award of benefits. It instead may exercise its discretion to remand for further proceedings, especially if "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1020.

Here, the ALJ failed to provide legally sufficient reasons for discounting Plaintiff's symptom testimony and the opinions of DNP Wade. But the record contains evidence casting doubt on the extent of Plaintiff's functional limitations. For instance, Plaintiff scored 30/30 on a Folstein Mini-Mental Status Examination (AR 351), and a litany of medical examination notes describe Plaintiff as cooperative, alert, oriented, with intact memory, concentration, and speech. (AR 290, 297, 379, 383, 386, 394, 470, 476-77, 488, 492, 497, 502, 521.) A consultative psychological examiner also opined that Plaintiff could perform simple tasks and interact with the public, though he might lack coping skills to

handle stress and workplace pressures. (AR 353-54.) Certain of Plaintiff's reported daily activities also could reasonably be viewed as undermining his allegations of disabling symptoms. For example, Plaintiff indicated that he could follow spoken instructions and written recipes, which could suggest that his ability to concentrate is not as severe as he and his treating providers claim. (AR 12-13.) Magistrate Judge Willett correctly concluded that this is not one of those rare cases in which further proceedings would be pointless because the record leaves no uncertainty as to the outcome. Instead, this case, like most cases, is one in which the record contains ambiguous and competing evidence that the Administration should have a chance to resolve on remand.

**IT IS ORDERED** as follows:

1. Plaintiff's objection to the R&R (Doc. 24) is **OVERRULED**.
2. The R&R (Doc. 23) is **ADOPTED**.
3. The reference of this case to the Magistrate Judge is **WITHDRAWN**, and the Administration's decision denying Plaintiff's application for disability insurance benefits is **REVERSED**. This matter is **REMANDED** for further proceedings.
4. The Clerk of the Court shall enter judgment accordingly and terminate this case.

Dated this 19th day of March, 2025.

Douglas L. Rayes
Senior United States District Judge